IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

IN RE: GREEN STAR TOWN HOUSE      *
   APARTMENTS, INC.
                                  *

COWPENS, LLC,                     *

   Appellant,                     *

      v.                          *   CIVIL NO.: WDQ-12-3683

GREEN STAR TOWN HOUSE             *
   APARTMENTS, INC.,
                                  *
   Appellee.
                                  *

*   *   *   *   *   *   *   *   *   *   *   *   *
MEMORANDUM OPINION

Cowpens, LLC ("Cowpens") appeals the bankruptcy's court's denial of its motion for a determination that real property was not part of Green Star Town House Apartments, Inc.'s ("Green Star") bankruptcy estate. The parties agree that the appeal is moot. Pending is Cowpens's motion to vacate the bankruptcy court's order. For the following reasons, the motion will be denied, and this appeal will be dismissed as moot.

I.  Background[1]

Green Star's sole asset[2] was a town house at 4000 Maine Avenue, Gwynn Oak, Maryland (the "Property") that it owned in fee simple. ECF No. 1-1 at 8. Its liabilities were $36,468.00 in delinquent taxes to Baltimore City. See id. at 14. On May 17, 2010, Cowpens purchased the Property at a tax sale. ECF No. 1-7 at 2. On April 25, 2011, Cowpens filed for foreclosure in the Circuit Court for Baltimore City, Maryland. Id. at 5. On June 5, 2012, a final hearing was held before Judge Evelyn O. Cannon. Id. at 25-42. Judge Cannon indicated that unless Green Star redeemed the property, the judgment of foreclosure would be signed. Id. at 36.

On June 13, 2012, Green Star filed a voluntary petition under Chapter 11 of the bankruptcy code. ECF No. 1-1; see No. 12-21120 (Bankr. D. Md.). On July 5, 2012, the Circuit Court case was stayed because of the bankruptcy filing; no foreclosure order was entered. ECF No. 1-7 at 13.

On July 21, 2012, Cowpens moved for a determination that the Property was not an asset of the bankruptcy estate because

---

[1] The facts are not in dispute.

[2] At the time of its bankruptcy filing, it also had $300.00 cash on hand. ECF No. 1-1 at 9.

2

of the tax sale. ECF No. 1-3. On November 15, 2012,[3] U.S. Bankruptcy Judge Robert A. Gordon denied the motion. ECF No. 1-6. On December 14, 2012, Cowpens appealed, asserting that the bankruptcy court's order was a final order or, alternatively, requesting leave to appeal. ECF No. 1; see ECF No. 3 at 7-9. Green Star did not file a brief.

On January 28, 2013, Cowpens moved to dismiss the bankruptcy case, asserting that Green Star had grossly mismanaged the bankruptcy estate. No. 12-21120 (Bankr. D. Md.), ECF No. 36. On March 21, 2013,[4] the bankruptcy court dismissed the case with prejudice. Id. ECF No. 59.

On April 10, 2013, this Court directed the parties to file memoranda addressing whether this appeal was mooted by the dismissal of the bankruptcy case. ECF No. 4. On April 26, 2013, Green Star responded, asserting that the appeal is moot because Cowpens obtained the relief it sought. ECF No. 5. On April 27, 2013, Cowpens acknowledged that the appeal is moot and moved to vacate the bankruptcy court's order. ECF No. 6.

II. Analysis

The parties agree that this appeal is moot. See ECF Nos. 5, 6. Cowpens seeks vacatur of the bankruptcy court's denial of

---

[3] The order was dated on November 14, entered on November 15, and filed on November 20, 2012. ECF No. 1-6.

[4] The order was signed March 20, 2013. No. 12-21120 (Bankr. D. Md.) ECF No. 36.

its motion for a determination that the Property was not part of the bankruptcy estate. ECF No. 6.

A. Appellate Jurisdiction

This Court has jurisdiction to hear appeals from final orders of the bankruptcy court or interlocutory orders if leave is granted. 28 U.S.C. § 158; see In re Kirkland, 600 F.3d 310, 314 (4th Cir. 2010) (noting district court's "capacity as a bankruptcy appellate court").

In bankruptcy cases, the finality principle "has traditionally been applied in a more pragmatic and less technical way . . . than in other situations." A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 1009 (4th Cir. 1986) (internal quotation marks omitted). "To avoid the waste of time and resources that might result from reviewing discrete portions of the action only after a plan of reorganization is approved, courts have permitted appellate review of orders that in other contexts might be considered interlocutory."[5] "Accordingly, 'orders in bankruptcy cases may be immediately appealable if they finally dispose of discrete disputes within the larger

---

[5] Comm. of Dalkon Shield Claimants v. A.H. Robins Co., 828 F.2d 239, 241 (4th Cir. 1987) (quoting In re Amatex Corp., 755 F.2d 1034, 1039 (3d Cir. 1985)).

4

case.'"[6] "[I]n sum . . . an order is final and appealable if it (i) finally determines or seriously affects a party's substantive rights, or (ii) will cause irreparable harm to the losing party or waste judicial resources if the appeal is deferred under the conclusion of the bankruptcy case." *Herrington v. Swyter (In re Swyter)*, 263 B.R. 742, 746 (E.D. Va. 2001).

Here, the bankruptcy court's order determined Cowpens's relationship with the debtor. The bankruptcy court held that the Property was part of the estate; this holding is fatal to Cowpens's claim that, under Maryland law, it held title. Not only did this finally determine Cowpens's rights, it also would have been a large waste of judicial resources if this Court had--after the completion of all bankruptcy proceedings--reversed that determination because the Property was Green Star's sole asset. *See In re Swyter*, 263 B.R. at 746. Accordingly, the bankruptcy court's order was sufficiently final, and this Court had jurisdiction over the appeal when filed. *See* 28 U.S.C. § 158.

B. Mootness

Although this Court had jurisdiction over the appeal at filing, the case's mootness deprives this court of subject

---

[6] *Gold v. Guberman (In re Computer Learning Centers)*, 407 F.3d 656, 660 (4th Cir. 2005) (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 411, 444 (1st Cir. 1983) (Breyer, J.)).

matter jurisdiction. "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies" under Article III of the Constitution. *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983). "A case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 370 (4th Cir. 2012) (internal quotation marks omitted).

No controversy remains in this appeal. Cowpens's sole claim of error was the bankruptcy court's refusal to remove the Property from the bankruptcy estate. *See* ECF No. 3. Because the bankruptcy court dismissed the underlying case with prejudice, there is no bankruptcy estate of which the Property is a part. *See* No. 12-21120 (Bankr. D. Md.), ECF No. 59. The parties agree that this appeal is moot. *See* ECF Nos. 5, 6. Accordingly, this Court lacks jurisdiction, and the appeal will be dismissed. *See Incumaa v. Ozmint*, 507 F.3d 281 (4th Cir. 2007).

C. Vacatur

Because this Court lacks jurisdiction over the moot appeal, Cowpens seeks vacatur of the bankruptcy court's order. ECF No. 6. Under 28 U.S.C. § 2106 a "court of appellate jurisdiction may . . . vacate . . . any judgment, decree, or order of a court

lawfully brought before it for review." "[A]s a court of bankruptcy appellate jurisdiction," this Court may vacate orders of the bankruptcy court, if this Court has jurisdiction over the appeal. *See In re Carolina Park Assocs.*, No. 2:10-cv-1805-DCN, 2010 WL 3893628, at *2 (D.S.C. Sept. 30, 2010). As discussed above, absent mootness, this Court would have jurisdiction over the appeal. *See supra* Part II.A.

Cowpens relies on *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950) for the principle that a moot judgment should be vacated and notes that the "Supreme Court has most recently followed" *Munsingwear* in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994). ECF No. 6 at 2. Cowpens misconstrues the scope of *Bancorp*. Although the Fourth Circuit has held that *Bancorp*'s holding is "limited to Supreme Court vacatur of appellate court opinions," *Bancorp* provides the test of when a court should vacate an order under 28 U.S.C. § 2106 or Fed. R. Civ. P. 60(b). *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 117 (4th Cir. 2000).

Under *Bancorp*, vacatur is an extraordinary equitable remedy. *Bancorp*, 513 U.S. at 25. "The principal condition . . . is whether the party seeking relief from the judgment below caused the mootness by voluntary action." *Id.* at 24. "The rationale for this rule is that appellants should not be allowed to escape the preclusive effect of an adverse district court

7

judgment simply by taking a unilateral action during the pendency of their appeal to moot the matter." *United States v. Springer*, No. 12-7687, 2013 WL 1789742, at *5 (4th Cir. Apr. 23, 2013).

The second factor is the public interest. "Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Bancorp*, 513 U.S. at 26 (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)). "[A]bsent unusual circumstances, the appellate vacatur decision under Bancorp is informed almost entirely, if not entirely, by the twin considerations of fault and public interest." *Valero*, 211 F.3d at 118.

Cowpens has not addressed either of the *Bancorp* factors. Instead, it asserts that the bankruptcy court's order "will remain on record and may create adverse issues of collateral estoppel," and "it should not be bound by its continued 'of record' status which could be raised against it in other cases." ECF No. 6 at 1-2.

Considering the first *Bancorp* factor, Cowpens is at least partially at fault for the appeal's mootness. Although the bankruptcy court apparently found that Green Star had mismanaged

the bankruptcy estate,[7] Cowpens filed the motion that led to the case's dismissal and its subsequent victory. See No. 12-21120 (Bankr. D. Md.) ECF No. 36. Because Cowpens sought, and received dismissal, the bankruptcy court's order became "unreviewed by [Cowpens's] own choice." Bancorp, 513 U.S. at 25. This does not favor vacatur.

Similarly, the public interest counsels against vacatur. As the Supreme Court has noted judicial precedents are valuable to the legal community and presumed to be correct. See Bancorp, 513 U.S. at 26. Cowpens's rationale for requesting vacatur confirms this interest. Although Cowpens is concerned about possible collateral estoppel issues, the sole issue in its appeal was whether the bankruptcy court made a legally incorrect determination about "[t]he nature of the interest conveyed by a tax sale under Maryland law." ECF No. 3 at 9. This claim of error is simply a question of law that does not depend on any concrete facts and thus is not subject to collateral estoppel.[8] Accordingly, the public interest does not favor vacatur.

---

[7] The bankruptcy court's reasoning was stated on the record at a hearing, but the transcript is not in the record before this Court. See No. 12-21120 (Bankr. D. Md.) ECF No. 59. Mismanagement of the estate was Cowpens's basis for its motion to dismiss. See id. ECF No. 36.

[8] See Montana v. United States, 440 U.S. 147, 162-63 (1979); 18 Charles Alan Right et al., Federal Practice and Procedure § 4425.

Because Cowpens was at fault for the mootness of the appeal and the public interest favors retention of the order as precedent, Cowpens's motion to vacate will be denied.

III. Conclusion

For the reasons stated above, the appeal will be dismissed as moot, and Cowpens's motion to vacate will be denied.

_6/12/17_
Date

William D. Quarles, Jr.
United States District Judge